

## NUMBER 13-11-00172-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

**HAAS-ANDERSON CONSTRUCTION, LTD.,**　　　　　　　　　　**Appellant,**

**v.**

**DAVID DAVILA AND ANTONIO FLORES DAVILA,
INDIVIDUALLY AND FOR MINOR CHILDER OF
BEATRICE ADRIANA DAVILA, KRYSTAL DAVILA, AND
NICHOLAS DANIEL DAVILA,**　　　　　　　　　　　　　　**Appellees.**

---

### On appeal from the County Court at Law No. 4
### of Nueces County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Perkes
### Memorandum Opinion Per Curiam

Appellant, Haas-Anderson Construction, Ltd., perfected an appeal of a judgment rendered against it by the County Court at Law No. 4 of Nueces County, Texas. On May 14, 2012, we granted the parties' motion to abate the appeal and remand the cause to the trial court because (1) the parties represented that they entered into a Rule

11 settlement agreement with respect to the issues raised in the appeal, but (2) the trial court was required to determine whether the settlement is in the minor plaintiffs' best interests before the terms of agreement may be effectuated. *See* TEX. R. CIV. P. 44(2), 173.4(c). The trial court approved the settlement agreement by written order dated April 23, 2013. Accordingly, the parties have now filed a joint motion asking this Court to lift our order of abatement, reverse the current judgment without regard to the merits, and remand the case to the trial court for entry of judgment in accordance with the settlement agreement.

The joint motion is GRANTED IN PART AND DENIED PART.[1] We hereby LIFT the abatement previously imposed on May 14, 2012, REINSTATE the appeal, SET ASIDE the trial court's judgment without regard to the merits, and REMAND the case to the trial court for rendition of judgment in accordance with the parties' settlement agreement. *See* TEX. R. APP. P. 42.1(a)(2)(B).

Pursuant to the terms of the parties' agreement, costs will be taxed against the party incurring same. *Cf.* TEX. R. APP. P. 42.1(d) ("Absent agreement of the parties, the court will tax costs against the appellant."). Having disposed of the appeal at the parties' request, we will entertain no motions for rehearing, and our mandate will issue forthwith.

PER CURIAM

Delivered and filed the
2nd day of May, 2013.

---

[1] Under Texas Rule of Appellate Procedure 42.1, when parties move for disposal of an appeal due to the execution of a settlement agreement, we may not "reverse" the current judgment as the parties request. *See* TEX. R. APP. P. 42.1(a)(2). Rather, we may only (A) "render judgment effectuating the parties' agreement[]," (B) "set aside the trial court's judgment without regard to the merits and remand the case to the trial court for rendition of judgment in accordance with the agreement[]," or (C) "abate the appeal and permit proceedings in the trial court to effectuate the agreement." *Id.*

2